UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE YAPI,

Plaintiff,

– *against* –

ADENRELE ADEYEYE,

Defendant.

**OPINION & ORDER**

24-cv-01757 (ER)

Ramos, D.J.:

Christine Yapi, proceeding *pro se*, filed this action alleging that Adenrele Adeyeye, also proceeding *pro se*, raped her. *See* Doc. 9. Before the Court is Ms. Yapi's motion for summary judgment. Doc. 30. For the reasons detailed below, the motion is DENIED.

## I. BACKGROUND

### A. Factual Background[1]

According to her second amended complaint, Ms. Yapi is an immigrant, and at the time of the alleged rape, a student. Doc. 9 at 5. Ms. Yapi is a resident of New Jersey and Mr. Adeyeye is a resident of New York. *Id.* at 5. Ms. Yapi alleges that she and Mr. Adeyeye first met in a market in New Jersey in April or May 2021, and between April and July 2021, Mr. Adeyeye raped her three times, twice at her home in New Jersey and once at his home in New York City. *Id.* As a result, Ms. Yapi alleges that she "fell into a deep depression" and attempted suicide more than once. *Id.* at 6. Due to the

---

[1] The Court includes allegations from the complaint in this section for clarity, as the evidence submitted by both parties with respect to the instant motion for summary judgment is limited.

deterioration of her mental and physical health, Ms. Yapi alleges that she lost scholarship funding for a master's program, has lost her ability to request work authorization or procure a work visa, and has suffered several resultant eviction and moving related charges. *Id*; *see also* Doc. 30 at 16. She seeks $2 million in emotional damages, medical costs, lost wages, damages to property, pain and suffering, and punitive damages. Doc. 9 at 5. Mr. Adeyeye asserts that none of the allegations are true and that he never raped or assaulted Ms. Yapi. Doc. 14.

In support of her motion for summary judgment, Ms. Yapi attaches an October 2022 copy of a continuance of a temporary restraining order issued against Mr. Adeyeye in the Superior Court of New Jersey, Doc. 30 at 5–13; a copy of Ms. Yapi's initial disclosures pursuant to Fed. R. Civ. Proc. 26(a)(1)(A), *id.* at 14–17;[2] confirmation of a $3,000 payment from the Victim of Crime Compensation Office of the New Jersey Attorney General, *id*. 30 at 17–19; two letters of recommendation for Ms. Yapi from professors at Essex County College, *id.* at 20–21; a letter from Northwest Essex Community Healthcare Network confirming that Ms. Yapi was receiving counseling services as of March 3, 2022, *id.* at 21–22; and a copy of Ms. Yapi's interrogatory questions for Mr. Adeyeye, though not of his responses, *id.* at 22–23.[3]

In support of his opposition to the motion for summary judgment, Mr. Adeyeye submitted to the Court a USB drive with 31 undated audio recordings, which he states are all communications between himself and Ms. Yapi. *See* Doc. 35.[4]

---

[2] In her Rule 26(a)(1)(A) disclosures, Ms. Yapi identifies the names of nine individual and of five documents that may be used to support her claim; however, neither testimony from those individuals nor copies of those documents have been provided to the Court as a part of the briefing. Doc. 30 at 14–16.

[3] Ms. Yapi filed her motion for summary judgment and all of the attached exhibits twice. *See* Docs. 30, 33.

[4] There is no indication from either party that Ms. Yapi also received a copy of these recordings.

### B. Procedural Background

Ms. Yapi filed the complaint in this action on March 5, 2024, which the Court construes as bringing state-law tort claims for assault, battery, and intentional infliction of emotional distress. Doc. 1.[5] She filed a first amended complaint on May 14, 2024, Doc. 7, and a second amended complaint on June 21, 2024, Doc. 9. On July 15, 2024, Mr. Adeyeye filed a motion to dismiss, Doc. 15, which the Court denied at a conference on July 31, 2024, *see* Docket Entry dated July 31, 2024. On July 14, 2025, Ms. Yapi filed a motion for summary judgment on all claims. Doc. 30.[6]

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v.*

---

[5] At a January 30, 2025 conference, Ms. Yapi's stated that prior to filing the complaint in the instant case, there was a criminal action in New Jersey against Mr. Adeyeye which was dismissed. *See* Docket Entry dated January 30, 2025.

[6] Ms. Yapi initially filed a motion for summary judgment on April 16, 2025. Doc. 27. However, that motion did not include three referenced exhibits, and so Ms. Yapi submitted her motion for summary judgment complete with the intended exhibits on July 14, 2025. Doc. 30.

Ms. Yapi's motion for summary judgment also states: "Defendant['s] claims fail as a matter of law because there is no dispute regarding any material fact. Defendant has produced no evidence of causation, two essential elements of a negligence claim . . ." Doc. 30 at 1. However, as Mr. Adeyeye asserted no counterclaims in his answer, the Court does not consider summary judgment of any of his claims. *See* Doc. 14.

*Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Medical Center*, 706 F. Supp. 2d 494, 504 (S.D.N.Y. 2010) (internal quotation marks omitted) (citing *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008)).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc*., 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp*., 368 F.3d 123, 126 (2d Cir. 2004)).

It is well established that "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted), including when facing a summary judgment motion, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).

## III.    DISCUSSION

The Court construes Ms. Yapi's second amended complaint as asserting state-law tort claims for assault, battery, and intentional infliction of emotional distress under the Court's diversity of citizenship jurisdiction. *See* Doc. 9.[7]

---

[7] Though the parties do not brief the issue, the Court must engage in an initial choice-of-law decision.  The choice-of-law rules that must be applied in a case brought under diversity jurisdiction are those of the forum state—in this case, New York. *GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006).  "Under New York choice-of-law rules, the first step in the inquiry is to determine whether there is an actual conflict between the rules of the relevant jurisdictions." *Kinsey v. New York Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021) (internal quotation marks and citations omitted).  "An actual conflict of law exists if the applicable law from each jurisdiction provides different substantive rules, and the differences have a significant possible effect on the outcome of the trial." *Holborn Corp. v. Sawgrass*

4

Under New York tort law, battery requires a showing of "bodily contact, made with intent, and offensive in nature," *Salmon v. Blesser*, 802 F.3d 249, 256-57 (2d Cir. 2015) (quoting *Bower v. City of Lockport*, 115 A.D. 3d 1202, 1204 (4th Dep't 2014)); assault requires showing the "intentional placing of another person in reasonable apprehension of imminent harmful or offensive contact," *DeCastro v. Kavadia*, No. 12 Civ. 1386 (AT) (DCF), 2016 WL 11359165, at *12 (S.D.N.Y. Sept. 30, 2016); and intentional infliction of emotional distress requires "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress," *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996) (citing *Howell v. New York Post Co.,* 81 N.Y.2d 115, 121 (N.Y. 1993)).

As Ms. Yapi is the party moving for summary judgment, she bears the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, based on the evidence submitted to the

---

*Mutual Insurance Co*., 304 F. Supp. 3d 392, 398 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

Neither New York nor New Jersey has an independent tort for rape, and instead plaintiffs in both states bring claims for battery, assault, and intentional infliction of emotional distress. *See e.g. Barzi v. Combs*, No. 24-CV-7973 (RA), 2026 WL 366811, at *2 (S.D.N.Y. Feb. 10, 2026) ("Because 'there is no independent tort for sexual assault in New York,' the analogous New York cause of action to California's statutory cause of action for sexual battery is the intentional tort of battery.") (citing *Doe v. Hall*, 116 N.Y.S.3d 866, 866 (Sup. Ct. N.Y. Cnty. 2019)); *Powell v. Verizon*, No. CV198418 (KM) (MAH), 2019 WL 4597575, at *11 (D.N.J. Sept. 20, 2019) ("Nor does the [New Jersey] common law recognize a separate cause of action for 'sexual harassment/assault' as such. However, it does recognize what amounts to the same thing: the tort of assault, which may be committed in a sexual manner."); *see also Thompson v. South Amboy Comprehensive Treatment Center*, No. CV189923 (ES) (JSA), 2021 WL 3828833, at *1 (D.N.J. Aug. 27, 2021) (plaintiff bringing New Jersey tort claims for assault, battery, and intentional infliction of emotional distress due to an alleged rape).

The elements of assault, battery, and intentional infliction of emotional distress are the same in New York and New Jersey. Accordingly, the Court uses New York tort law for this motion. However, as the parties have not briefed the issue, and this decision ultimately has no impact on the analysis of this opinion, the parties are not precluded from arguing a conflict does exist and New Jersey law should apply.

Court, there are still substantial material issues of disputed facts impacting each of these tort claims—primarily concerning whether Mr. Adeyeye committed the alleged rape.

Ms. Yapi's attached records help establish that in the fall of 2022 there was a temporary restraining order issued against Mr. Adeyeye, that she was awarded $3,000 from the New Jersey Attorney General's Victim of Crime Compensation Office, that she received letters of recommendation from two college professors, and that she received counseling services from a healthcare provider; however, these documents do not conclusively demonstrate that Mr. Adeyeye raped Ms. Yapi. *See* Doc. 30. While it is clear that Ms. Yapi's account is that that Mr. Adeyeye raped her, that account is disputed as Mr. Adeyeye denies that he engaged in conduct that would constitute an element in a charge of battery, assault, or intentional infliction of emotional distress due to rape. Docs 9, 14. In furtherance of his opposition, Mr. Adeyeye provided the court with 31 undated audio recordings that he states are messages between himself and Ms. Yapi. *See* Doc. 35. In the messages, both parties acknowledge that they had a physical relationship with each other; however, Mr. Adeyeye consistently denies that he raped Ms. Yapi. *Id.* In a couple of messages, Ms. Yapi states that the extent of her efforts to pursue the state court proceedings would depend on whether Mr. Adeyeye helped her with unrelated matters. *Id.* Several voice messages from Ms. Yapi also describe her feelings of being used by Mr. Adeyeye, her relationship with him generally, her struggle to maintain stable housing, and the physical and mental health issues she faced. *Id.*

At the summary judgment stage, the Court only considers undisputed facts. As there is still a dispute of material facts, the Court DENIES Ms. Yapi's motion for summary judgment.

## IV.    CONCLUSION

For the reasons set forth above, Ms. Yapi's motion for summary judgement is DENIED.  The parties are directed to appear for a conference on April 29, 2026, at 11:00 am in Courtroom 619 of the United States Courthouse, 40 Foley Square, New York, NY 10007.  The Clerk of Court is respectfully directed to terminate the motions, Docs. 27, 30, 33.


It is SO ORDERED.

Dated:    March 30, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.