UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CHRISTINE YAPI,                                              :

                                                            :    ORDER GRANTING LIMITED
                                                                 SCOPE PRO BONO COUNSEL
                                                            :

            Plaintiff,                                       :

    -v.-                                                     :    24 Civ. 1757 (ER) (GWG)

                                                            :
ADENRELE ADEYEYE,
                                                            :

            Defendant.                                      :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

In this case, pro se plaintiff Christine Yapi has asserted state-law tort claims for assault, battery, and intentional infliction of emotional distress arising from her allegations that defendant Adenrele Adeyeye raped her three times.  See Yapi v. Adeyeye, 2026 WL 861575, at *1-2 (S.D.N.Y. Mar. 30, 2026).  On his motion for summary judgment, defendant submitted audio recordings in which both parties acknowledge they previously had a physical relationship, and he asserted that none of plaintiff's allegations are true.  See id. at *3.

The deadline for discovery has expired, the case is ready for trial, and the case has been referred to the undersigned for settlement.  Both plaintiff and defendant have asked the Court to appoint "pro bono" (meaning free) counsel.  The Court believes that the parties and the Court would greatly benefit from the parties being represented at a settlement conference.  The Court therefore requests that counsel appear for the limited purpose of representing each party at a settlement conference before the undersigned.  Pro bono counsel will not be obligated for any aspect of a party's representation beyond the settlement conference.  Absent counsel's voluntary request to expand the scope of representation, representation of the party will end upon completion of the settlement conference.  Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.[1]

The Court advises the parties that the process for securing pro bono representation can be

---

[1]   Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078, available at: https://nysd.uscourts.gov/forms/pro-bono-fund-order), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.

lengthy.   The Court circulates pending cases to attorneys at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the parties to discuss representation.   For all these reasons, some time may pass before a litigant is contacted by an attorney.   The Court requests that the parties respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation.   As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the Court will locate another.   In either instance, plaintiff should be prepared to proceed with the case without an attorney.

SO ORDERED.

Dated: May 6, 2026
        New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

2